UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**JERRY CANKAT**, individually,

**Plaintiff,**

Case No. 1:15-CV-3383-ILG-LB

v.

**NJ OF FLUSHING INC.**, a New York for profit corporation,

**Defendant.**
_____

**FIRST AMENDED COMPLAINT**
(Injunctive Relief Sought)

Plaintiff, JERRY CANKAT, individually and for the benefit of all others similarly situated, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendant NJ OF FLUSHING INC. for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

**Jurisdictional Allegations**

1. This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") entitling Plaintiff to attorneys' fees,

1

litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

2. Defendant NJ OF FLUSHING INC. is the property owner of the premises located at 136-17 41 Ave. in Queens County, New York (hereinafter "Defendant-Landlord").

3. Defendant NJ OF FLUSHING INC. is permitting a restaurant dining establishment to operate a "place of public accommodation." *See* 28 CFR 36.201(a) in violation of the ADA.

4. Plaintiff JERRY CANKAT is a fifty-nine (59) year old father of two adult children. Since the age of twelve (12), Plaintiff CANKAT has been suffering from a severe case of diabetes. More specifically, Plaintiff CANKAT's diabetes has resulted in multiple surgeries to his left leg and ultimately resulted in the amputation of his right leg in 2010. Since his amputation in 2010, Plaintiff CANKAT has been bound to ambulate in a wheelchair.

5. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue properly lies in the Eastern District of New York as it is the federal judicial district where the property is located and on which the violative establishment is conducting business.

## ADA: Lack of Reasonable Accommodations on Property Owner by NJ OF FLUSHING INC.

7. The ADA prohibits discrimination on the basis of disability by guaranteeing reasonable accommodations are provided for individuals with disabilities. As the owner of the premises Defendant NJ OF FLUSHING INC. is responsible for ensuring compliance with the ADA and the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards").

8. Plaintiff CANKAT enjoys meeting and socializing with his friends particularly since separating from his wife. He travels predominantly using either the public bus or subway transportation system or by wheelchair, but also via car with his brother who lives in the city. Plaintiff CANKAT particularly enjoys watching live sporting events and frequently does so out at local bars and restaurants.

9. Plaintiff has visited the property which forms the basis of this lawsuit, but he has encountered architectural barriers at the subject property precluding him

from reasonably accessing the goods and services provided to non-disabled individuals. The barriers to access at the property have deterred Plaintiff from availing himself of, and are denying her the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals.

10. Defendant has and is continuing to discriminate against Plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities on or before January 26, 1992[1] in violation of the ADA.

11. More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and Plaintiff is further deterred and discouraged from additional travel due to Defendant ongoing non-compliance with the ADA.

12. A preliminary inspection of the Property reveals the following exterior and interior barriers to access exist thus effectively discriminating against Plaintiff as an individual with a disability:

   a. Required ramp not provided for existing steps at entrance making entrance inaccessible;

---

[1] A "place of public accommodation" having ten (10) or fewer employees **and** gross receipts totaling five hundred thousand dollars or less ($500,000.00) shall have until January 26, 1993 to ensure compliance with the ADA.

b. Required minimum maneuvering clearance not provided at entrance door;

c. Required minimum clear width not provided at path of travel to restroom making restroom inaccessible;

d. Compliant signage identifying the restroom not provided as required by Accessibility Standards;

e. Door knob at restroom door violates Accessibility Designation Standards requiring twisting of the wrist;

f. Restroom door swings into the floor space of lavatory making lavatory inaccessible;

g. Required insulation of water pipes under the lavatory not provided as required by Accessibility Standards;

h. Faucet knobs at lavatory violate Accessibility Designation Standards require twisting of the wrist;

i. Hair dryer and mirror inaccessible as height of hand dryer and mirror exceed the maximum height allowance;

j. Compliant grab bar at rear wall of water closet not provided;

k. Flush control inaccessible as it's located at the closed side of water closet;

l. Toilet paper dispenser improperly positioned making it inaccessible;

m. failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities.

13. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendant's place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

14. Notice to Defendant prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit have been satisfied or are waived by Defendant. Defendant's violations of the ADA have been ongoing despite the ADA mandating compliance by no later than January 26, 1992 (or January 26, 1993).

**Injunctive Relief Is Necessary to Prevent Future Discrimination**

15. Plaintiff frequently visits the area where Defendant-Landlord's property is located. Plaintiff visited the Property and has suffered discrimination on the basis of her disability.

16. Plaintiff plans on returning to the Property to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

17. The present violations at Defendant' facility create a hazard to Plaintiff's safety. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation as a result of Defendant' discriminatory practices or non-compliant facilities.

18. As the violations at Defendant's facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

## COUNT I: INJUNCTIVE RELIEF (AGAINST NJ OF FLUSHING INC.)

19. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 18 above as if set forth specifically herein.

20. Defendant NJ OF FLUSHING INC. owns commercial real property on which it is permitting third parties to operate a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

21. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's building, property, and facilities as a result of the ADA violations set forth herein in paragraph 12 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

22. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

23. Structural modifications are necessary to eliminate architectural barriers set forth herein, which are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24. By permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

25. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

26. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendant' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cures all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; by failing to cure the ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated

       differently than other individuals because of the absence of auxiliary aids and services;

b.   award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

c.   any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on August 3, 2015.

       **By: /s/ Tara Demetriades**
       Tara Demetriades, Esq.
       New York Bar No. 4185666

       **ADA Accessibility Associates**
       1076 Wolver Hollow Road
       Oyster Bay, New York 11771
       E: TDemetriades@Aol.com
       T: (516) 595-5009